**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR S-99-0294-GEB-CMK |
| Respondent, | CIV S-03-1819-GEB-CMK-P |
| vs. | |
| GEORGE HENDERSON, JR., | |
| Movant. | |
| _____/ | |
| UNITED STATES OF AMERICA, | No. CR S-99-0294-GEB-CMK |
| Respondent, | CIV S-03-2084-GEB-CMK-P |
| vs. | FINDINGS AND RECOMMENDATIONS |
| DOROTHY R. HENDERSON, | |
| Movant. | |
| _____/ | |

Movants, who are proceeding pro se, bring these separate motions to correct or set aside a criminal judgment pursuant to 28 U.S.C. § 2255. Pending before the court are movants' motions (Docs. 132 and 134 in the criminal docket). Respondent filed a single response (Doc. 142 in the criminal docket) and movants filed traverses (Docs. 144 and 145 in the

criminal docket).  Because movants' convictions and sentences arose from the same criminal proceeding, and because movants raise the same claims and respondent has filed a single response, the court will address both cases together.

## I.  BACKGROUND

### A.  Statement of the Case[1]

Movants George and Dorothy Henderson owned and operated a business entity called G&D Associates Estate Planning out of their home in Roseville, California, starting no later than 1993 and continuing through at least June 1998.  During this time period, G&D Associates prepared and established "trusts" for clients by solicitation.  Frequently, the Hendersons served as trustees for their clients' trusts.

The Hendersons counseled and assisted their clients in using these trusts to generate inappropriate deductions for items such as landscaping, pool maintenance, home repairs, and the depreciation of the value of their own residences.  Using these deductions, the clients substantially reduced their income tax liability.  The Hendersons also generated inappropriate deductions for their clients by counseling and assisting in the use of an "off-shore program."  The Hendersons established multiple domestic and foreign bank accounts to move their clients' funds through a difficult-to-trace loop and kept approximately 5% of the funds for themselves.  The Hendersons then counseled clients that this income need not be reported to the Internal Revenue Service.

During the course of the investigation, Dorothy Henderson appeared before the Grand Jury and testified under oath.  Dorothy Henderson's testimony regarding her knowledge of the false notarization of documents and of the existence and use of three foreign trusts was material to the investigation and was false.

---

[1] This statement is taken from the District Judge's description of the case to prospective jurors.

### B. Procedural History

After a jury trial, movants were each convicted of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, and aiding and assisting in the preparation and presentation of false and fraudulent tax returns, in violation of 26 U.S.C. § 7206(2). Movant Dorothy Henderson was also convicted of making false declarations before the Grand Jury, in violation of 18 U.S.C. § 1623. Movant George Henderson was sentenced to 78 months in prison. Movant Dorothy Henderson was sentenced to 135 months in prison.

On direct appeal to the Ninth Circuit Court of Appeals, movants argued that: (1) the district court erred in denying their pre-trial motions to suppress; (2) there was insufficient evidence to support the district court's tax loss finding at sentencing; and (3) the district court should have required the government to prove tax loss under a clear and convincing standard. It should be noted that movants did not raise any argument on direct appeal as to the sufficiency of the evidence to support their convictions.

Movants' convictions and sentences were affirmed in an unpublished memorandum disposition. As to movants' first argument, the Ninth Circuit concluded that, while the government violated Federal Rule of Criminal Procedure 41(d) because the Hendersons were not provided with a copy of the search warrant while the search was in progress, the error was harmless. See Neder v. United States, 527 U.S. 1, 708, 15-16 (1999); Fed. R. Crim. P. 52(a). As to movants' second argument, the Ninth Circuit reviewed for clear error and determined that the district court did not clearly err in finding that the total tax loss was at least $10 million. See United States v. Barnes, 125 F.3d 1287, 1290 (9th Cir. 1997). Finally, as to movants' third argument, the Ninth Circuit stated that the argument was waived because it was not raised in the district court and that, even if it had not been waived, the district court did not err as a matter of law. See United States v. Johansson, 249 F.3d 848, 855 (9th Cir. 2001) (holding that, when the extent of the conspiracy caused the tremendous increase in sentence, due process does not require the application of the clear and convincing standard).

## II.  DISCUSSION

Movants raise the identical claims in their motions.  Specifically, movants state that:  (1) they received ineffective assistance of trial and appellate counsel for not pursuing an actual innocence defense; (2) there was insufficient evidence to support the convictions; (3) the government failed to disclose exculpatory evidence; and (4) they are actually innocent.[2]

As to movants' claim of ineffective assistance of trial and appellate counsel, the gravamen of their argument is that they are actually innocent and that counsel was ineffective for failing to pursue an actual innocence defense.  However, the question of innocence or guilt has been litigated, both in this court and in the Ninth Circuit on direct appeal.  Moreover, given that the Ninth Circuit affirmed movants' convictions, any actual innocence defense is foreclosed.  In short, movants are not innocent, as the jury concluded and the Ninth Circuit affirmed.  Because movants have been found factually guilty, and because that findings were affirmed on direct appeal, it cannot be said that counsel were ineffective for failing to raise an actual innocence defense.  It was objectively reasonable for counsel not to pursue a frivolous defense.  Movants' claim of ineffective assistance of counsel is merely another way of asserting that they are actually innocent.

None of movants' remaining claims were raised on direct appeal.  Therefore, as respondent notes, the claims are procedurally defaulted and movants must demonstrate cause or prejudice before they may be considered under 28 U.S.C. § 2255.  See Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. McMullen, 98 F.3d 1155, 1157 (9th Cir. 1996).  This will ordinarily involve a showing that the factual or legal basis for the claim was not available.  See McCleskey v. Zant, 499 U.S. 467, 494-95 (1991).  Respondent argues that the remaining claims should be denied because movants have not shown cause or prejudice.  Movants respond to this argument in their traverse by acknowledging the procedural default rule and adding:

---

[2] The court notes that movants cite to no law, either statutory or decisional, in support of any of their claims.

4

> . . . The procedural default rule is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the court to conserve judicial resources and to respect the law's important interest in finality of judgment. In certain Sixth Amendment contexts, prejudice is always presumed.

Movants cite to no law in support of this statement, nor do they argue that the legal or factual predicate of their claims was not previously available. Movants, therefore, have failed to demonstrate either cause or prejudice for their failure to raise the remaining claims earlier.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Movants' motions pursuant to 28 U.S.C. § 2255 (Docs. 132 and 134 in the criminal docket) be denied; and

2. The Clerk of the Court be directed to close the companion civil cases designated as CIV S-03-1819-GEB-CMK-P and CIV S-03-2084-GEB-CMK-P.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 7, 2006.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE