1
2
3
4
5
6
7
8                    **IN THE UNITED STATES DISTRICT COURT**

9                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   UNITED STATES OF AMERICA,              No. CR S-99-0294-GEB-CMK
                                            CIV S-09-1824-GEB-CMK
12                 Respondent,

13        vs.                               <u>FINDINGS AND RECOMMENDATIONS</u>

14   DOROTHY HENDERSON,

15                 Movant.

16   _____/

17            Movant, a federal prisoner proceeding pro se, brings this motion to correct or set

18   aside a criminal judgment pursuant to 28 U.S.C. § 2255.  On July 1, 2009, Movant filed her

19   second motion (Doc. 169)[1] and a copy of her application to for authorization to file a second or

20   successive § 2255 motion (Doc. 170), which was filed in the Ninth Circuit Court of Appeals.

21            On November 17, 2009, the Ninth Circuit denied her application (Doc. 172).[2]

22   Before a second or successive petition potentially permissible under § 2244(b)(2) can be filed,

23   _____

24        [1]     Movant's first motion was filed on October 2, 2003 (Doc 134).  This motion was
     denied on January 26, 2007 (Doc. 165).

25        [2]     The Ninth Circuit's denial of her application is sufficient to terminate the copy of
     the application filed with this court.  The Clerk of the Court should therefore be directed to
26   terminate Doc. 170 as a pending motion.

the petitioner must first obtain leave of the Court of Appeals.  <u>See</u> 28 U.S.C. §§ 2244(b)(3), 2255(h).  In the absence of proper authorization from the Court of Appeals, the district court lacks jurisdiction to consider a second or successive petition and must dismiss it.  <u>See</u> <u>Cooper v. Calderon</u>, 274 F.3d 1270 (9th Cir. 2001) (per curiam).

Here, Movant was denied authorization to file her current motion.  This court therefore has no jurisdiction to consider the motion, and the motion should be denied as filed without proper authorization.

In addition, a review of the docket in this matter reveals an old motion which has not been terminated.  Petitioner filed a motion for entry of judgment in June 2005 (Doc. 148) which is still showing as a pending motion.  Petitioner was attempting to obtain a ruling on the previous § 2255 motion.  That ruling was issued in January 2007 (Doc. 165) rendering the old motion for entry of judgment moot.

Based on the foregoing, the undersigned recommends that:

1.     The motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (Doc. 169) be denied as a second or successive motion filed without proper authorization;

2.     The Clerk of the Court be directed to terminate the application for authorization to file a second or successive application for relief (Doc. 170) as a pending motion pursuant to the Ninth Circuit's denial; and

3.     The Clerk of the Court be directed to terminate the motion for entry of judgment (Doc. 148) as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written

/ / /

/ / /

/ / /

objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


DATED:  December 4, 2009


_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE